UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
FRANCISCO TUY XEP, on behalf of himself and all  :
others similarly situated,                                                          :
                                                                                                  :
                               Plaintiff,                                  :
                                                                                                  :
              -against-                                                    :       **COLLECTIVE ACTION**
                                                                                                  :            **COMPLAINT**
DE HOOP CORP. d/b/a KAIA WINE BAR and         :
SUZAAN HAUPTFLEISCH,                                              :
                                                                                                  :
                               Defendants.                            :
------------------------------------------------------------------------ X

Plaintiff Francisco Tuy Xep ("Plaintiff" or "Tuy Xep"), on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, complaining of Defendants De Hoop Corp. d/b/a Kaia Wine Bar and Suzaan Hauptfleisch (collectively, "Defendants"), alleges:

## NATURE OF THE COMPLAINT

1.     Tuy Xep worked as a dishwasher, waiter, and bartender at Kaia Wine Bar, an Upper East Side restaurant, for two and a half years. Throughout his employment, Defendants failed to compensate Tuy Xep at the statutorily required minimum wage rate or at 1.5 times the applicable regular hourly rate for hours worked over forty per workweek. Moreover, Defendants forced Tuy Xep and other waiters or bartenders to work for just tips. Defendants further failed to pay Tuy Xep spread-of-hours pay when his workday spread across more than ten hours and failed to provide him with statutorily required wage notices and accurate weekly wage statements.

2.     Tuy Xep brings this action on behalf of himself and all other similarly situated waiters and bartenders employed by Defendants ("Tipped Workers") to recover unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages,

statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), Articles 6 and 19 of the New York Labor Law ("NYLL"), and the New York Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because Kaia Wine Bar is located and operated by Defendants in the Southern District of New York and the acts and omissions giving rise to Plaintiff's claims occurred in the Southern District of New York.

## THE PARTIES

**Plaintiff Francisco Tuy Xep**

5. Tuy Xep resides in Queens County, New York.

6. Defendants employed Tuy Xep from approximately April 2019 through November 21, 2022.

**Defendant De Hoop Corp. d/b/a Kaia Wine Bar**

7. Defendant De Hoop Corp. d/b/a Kaia Wine Bar ("Kaia") is a New York corporation that owns and operates a restaurant and bar located at 1614 3rd Avenue, New York, New York 10128.

8. In an article published on October 15, 2021, *The New Yorker* magazine described Kaia as "The City's Only South African Restaurant and Bar," which supplied New Yorkers with "7.2 million dollars' worth of South African wine" during its eleven

2

years of existence. *See* https://www.newyorker.com/magazine/2021/10/25/the-citys-only-south-african-restaurant-and-bar (last accessed December 30, 2022).

9. Kaia is an "enterprise engaged in commerce" within the meaning of the FLSA.

10. Kaia has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. In the three years preceding the filing of this Complaint, Kaia has had an annual gross volume of sales in excess of $500,000.

12. In 2019, Defendants employed at least eleven employees at Kaia.

**Defendant Suzaan Hauptfleisch**

13. Defendant Suzaan Hauptfleisch is an owner of Kaia.

14. Hauptfleisch is identified as the Chief Executive Officer of Kaia on New York State's Division of Corporations entity filings website.

15. Throughout Tuy Xep's employment, Hauptfleisch held and exercised authority over personnel decisions at Kaia, including the authority to hire and fire employees, set employee wage rates, assign employees duties, and maintain employee pay records.

16. For example, Hauptfleisch hired and fired Tuy Xep, set his work schedule, assigned his work duties, and determined his rate of pay.

17. Hauptfleisch exercised sufficient control over Kaia's operations and the employment of Tuy Xep and other Tipped Workers to be considered their "employer" under the FLSA and the NYLL.

**FACTUAL ALLEGATIONS**

18. Defendants failed to furnish Tuy Xep with a wage notice when hired or when his rate of pay changed.

19. Defendants failed to furnish Tuy Xep with accurate wage statements with each payment of his wages throughout his employment.

20. Defendants have a history of unlawful wage practices. For example, on January 22, 2019, Defendants had a judgment entered against them in the sum of $22,114.30 in favor of an employee of Kaia Wine Bar for unpaid wages and other damages in a case titled *The Commissioner of Labor of the State of New York v. Suzaan Hauptfleisch, et al*, New York County Index No. 450066/2019.

**Dishwasher Position**

21. From April 2019 through June 2019, Defendants employed Tuy Xep as a dishwasher.

22. Defendants paid Tuy Xep $100 per day worked in cash during this period.

23. While employed as a dishwasher, Tuy Xep worked four- to five-day workweeks, from 2:00 p.m. to 11:00 p.m. each day, for approximately thirty-six to forty-five hours per workweek during this period.

**Waiter and Bartender Positions**

24. From July 2019 through the end of his employment, Defendants employed Tuy Xep as a waiter and bartender.

25. During this period, Plaintiff and other Tipped Workers were not paid any wages by Defendants. Their sole compensation came from client tips.

26. Defendants had a "tip pool" system where all gratuities were joined together, and each bartender and waiter would receive an equal share from the tip pool

after Defendants and their non-tipped agents took any deductions.  These distributions were documented in daily "tip sheets" at the end of each night.

27.     For example, on Saturday, September 10, 2022, the Kaia tip sheet indicated that the tip pool totaled up to $1,939, equal to $181 from cash gratuities and $1,758 in credit card gratuities.  Plaintiff, who appears on the tip sheet as "Fransico," and five other Tipped Workers each received $323 from the tip pool, as seen in the image below:



28.     Defendants would pay part of the tips due to Plaintiff and Tipped Workers in cash each night and the rest on a later date via Zelle, the digital payment system .

29.     While employed as a waiter and bartender, Tuy Xep worked five-day workweeks: 3:00 p.m. to 12:00 a.m. on Thursdays, Sundays, and Mondays; 4:00 p.m. to 1:00 a.m. on Fridays; and 3:00 p.m. to 1:00 a.m. on Saturdays.  Additionally, Kaia Wine Bar would host special events on Saturdays once a month, for which Tuy Xep would be required to work until 3:00 a.m.  As a result, he worked approximately forty-six to forty-eight hours per workweek throughout this period.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff brings this action on behalf of himself and all similarly situated persons who have worked as waiters and bartenders for Defendants within the three years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective").

31. The FLSA Collective consists of over fifteen Tipped Workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum and overtime wages.

32. Throughout Plaintiff's employment, Plaintiff and the FLSA Collective have had work schedules consisting of over forty hours per workweek, have performed similar service-based duties, and have been subjected to Defendants' common pay policies depriving them of minimum and overtime wages.

33. Defendants are aware or should have been aware that the FLSA required them to pay Tipped Workers minimum and overtime wages per workweek.

34. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiff and the FLSA Collective.

35. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated Tipped Workers can be readily identified and located through Defendants' records. The similarly situated Tipped Workers should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages)

36. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

37. The FLSA requires that employers pay employees a minimum wage for all hours worked weekly up to forty.

38. Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 206(a) and employed Plaintiff and the FLSA Collective.

39. The minimum wage provisions set forth in the FLSA, 29 U.S.C. § 201 *et seq.*, and its supporting federal regulations apply to Defendants.

40. Defendants failed to pay Plaintiff and the FLSA Collective the minimum wages to which they were entitled under the FLSA.

41. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to Plaintiff and the FLSA Collective's compensation.

42. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and they are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM
### (NYLL – Unpaid Minimum Wages)

43. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

44. The NYLL and its supporting New York State Department of Labor ("NYDOL") regulations require employers to pay employees at least the minimum wage rate for the first forty hours worked in a workweek. *See* N.Y. Lab. Law § 652; 12 N.Y.C.R.R. § 146–1.2(a)(1)(i).

45. Defendants are employers within the meaning of the NYLL §§ 190, 651(6), and 652, and NYDOL regulations, including but not limited to 12 NYCRR Part 146.

46. Defendants employed Plaintiff within the meaning of the NYLL.

47. As a result of Defendants' wage payment practices, they failed to pay Plaintiff the minimum wages to which he was entitled under the NYLL and its supporting NYDOL regulations.

48. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff minimum wages.

49. As a result of Defendants' willful violations of the NYLL, Plaintiff suffered damages and is entitled to recover his unpaid minimum wages, liquidated damages, pre- and post-judgment interest, and reasonable attorney's fees and costs.

## THIRD CLAIM
### (FLSA – Unpaid Overtime Wages)

50. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

51. Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiff and the FLSA Collective.

52. Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1½) times their regular hourly wage rate for all hours worked over forty per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 *et seq.*

53. Defendants failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

54. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages.

55. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

56. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

57. Defendants are employers within the meaning of the NYLL §§ 190, 651(6), and supporting NYDOL regulations, including but not limited to 12 N.Y.C.R.R. Part 146, and employed Plaintiff.

58. Under the NYLL and supporting NYDOL regulations, Defendants were required to pay Plaintiff one and one-half (1½) times his regular hourly wage rate for all hours worked over forty per workweek.

59. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL.

60. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

61. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## FIFTH CLAIM
### (NYLL – Spread-of-Hours Pay)

62. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

63. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which he worked shifts spanning over ten hours, in violation of the NYLL and its supporting NYDOL regulations, including 12 NYCRR § 146–1.6.

64. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

### SIXTH CLAIM
### (WTPA – Failure to Provide Accurate Wage Statements)

65. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

66. The NYLL and the WTPA require employers to provide employees with an accurate wage statement each time they are paid.

67. Defendants failed to furnish Plaintiff, with each wage payment, with a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

68. Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover from Defendants statutory damages and reasonable attorneys' fees and costs of the action, pursuant to NYLL § 198(1–d).

### SEVENTH CLAIM
### (WTPA – Failure to Provide Wage Notices)

69. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

70. The NYLL and WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

71. In violation of NYLL § 195(1), Defendants failed to furnish Plaintiff at the time of hiring, or whenever his rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary,

piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

72. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages and his reasonable attorneys' fees and costs incurred in this action pursuant to the NYLL § 198(1–b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. designating this action as a collective action on behalf of the FLSA Collective and authorizing the prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b. declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL, and NYDOL regulations;

c. declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL, and the NYDOL regulations;

d. declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and supporting regulations;

e. declaring that Defendants violated the notice and record-keeping provisions of the NYLL and WTPA;

11

   f. declaring that Defendants' violations of the FLSA and the NYLL were willful;

   g. awarding Plaintiff and the FLSA Collective damages for unpaid minimum and overtime wages under the FLSA;

   h. awarding Plaintiff damages for unpaid minimum wages, overtime wages, and spread-of-hours pay under the NYLL;

   i. awarding Plaintiff and the FLSA Collective liquidated damages pursuant to the FLSA and NYLL;

   j. awarding Plaintiff statutory damages as a result of Defendants' failure to furnish him with a notice at the time of hiring, in violation of the WTPA;

   k. awarding Plaintiff statutory damages as a result of Defendants' failure to furnish Plaintiff with accurate wage statements pursuant to the WTPA;

   l. awarding Plaintiff and the FLSA Collective pre- and post-judgment interest under the FLSA and the NYLL;

   m. awarding Plaintiff and the FLSA Collective reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

   n. awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
January 19, 2023

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Christian Mercado
Pechman Law Group PLLC
488 Madison Avenue - 17th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
mercado@pechmanlaw.com

*Attorneys for Plaintiff and the Putative FLSA Collective*