USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/8/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
                                               :

FRANCISCO TUY XEP, *on behalf of himself and all others*   :
*similarly situated,*                                          :
                                               :

                                      Plaintiff,   :            1:23-cv-450-GHW
                                               :

            -against-                     :
                                               :               ORDER

DE HOOP CORP, *doing business as Kaia Wine Bar, and*   :
SUZAAN HAUPTFLEISCH,                             :
                                             :

                                  Defendants.   :
                                             :

-------------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

      On June 20, 2024, the parties filed a letter indicating that they "met and conferred" and

"agree[d] to withdraw the Jury Demand." Dkt. No. 39. "A proper demand [for a jury trial] may be

withdrawn only if the parties consent." Fed. R. Civ. P. 38(d); *see also* Fed. R. Civ. P. 39(a) ("When a

jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury

action. The trial on all issues so demanded must be by jury unless: (1) the parties or their attorneys

file a stipulation to a nonjury trial or so stipulate on the record; or (2) the court, on motion or on its

own, finds that on some or all of those issues there is no federal right to a jury trial."). "These rules

[Federal Rules of Civil Procedure 38(d) and 39] mean that the parties, directly or through their

attorneys, are allowed to agree to forgo their Seventh Amendment rights on specified factual

questions and have those questions decided by the court." *Outlaw v. City of Hartford*, 884 F.3d 351,

368 (2d Cir. 2018).

      Although the letter filed at Dkt. No. 39 indicates that the parties both consented to a

nonjury trial, the letter was filed and signed only by Defendant and not Plaintiff's counsel. If the

parties so consent, they are directed to file either a joint letter or a stipulation indicating any mutual

consent to withdrawal of the jury demand.

In addition, the Court will hold a status conference by telephone to discuss next steps in this case on July 11, 2024 at 3:00 p.m.  The parties are directed to the Court's Individual Rules of Practice in Civil Cases, which are available on the Court's website.  Rule 2 of the Court's Individual Rules contains the dial-in number for the conference and other relevant instructions.  The parties are specifically directed to comply with Rule 2(C) of the Court's Individual Rules.

SO ORDERED.

Dated:  July 8, 2024

_____
GREGORY H. WOODS
United States District Judge

2