|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------ X<br>:<br>FRANCISCO TUY XEP, *on behalf of himself and all others* :<br>*similarly situated*, :<br>:<br>Plaintiff, :<br>:<br>-against- :<br>:<br>DE HOOP CORP, *doing business as* Kaia Wine Bar, *and* :<br>SUZAAN HAUPTFLEISCH, :<br>:<br>Defendants. :<br>:<br>------------------------------------------------------------------ X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 9/11/2024<br><br><br>1:23-cv-450-GHW<br><br>ORDER |

GREGORY H. WOODS, District Judge:

For the reasons set forth below, the Court respectfully directs that the Clerk of Court seek *pro bono* counsel to enter a limited appearance for the purpose of representing a *pro se* litigant at trial in the above-captioned action. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

I. BACKGROUND

On January 19, 2023, Plaintiff Francisco Tuy Xep commenced this action against Defendant Suzaan Hauptfleisch and the company she owns, De Hoop Corp. (together, "Defendants"). Dkt. No. 1. Through De Hoop Corp., Ms. Hauptfleisch owns and operates Kaia Wine Bar, a dining establishment located in New York City. Dkt. No. 36-1. The complaint alleges that Defendants failed to pay Plaintiff adequate minimum wage, overtime, and spread-of-hours wages, in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). *Id.* ¶¶ 36–64. The complaint also alleges that Defendants failed to provide Plaintiff with accurate wage statements and notices, in violation of the New York Wage Theft Prevention Act ("WTPA"). *Id.* ¶¶ 65–72. On May

31, 2024, the parties stipulated that Defendants are liable under at least some of Plaintiff's claims. Dkt. No. 36-1.

On July 16, 2024, Defendants' counsel filed a motion to withdraw, citing "substantial arrears" on costs and fees. Dkt. No. 46. On July 26, 2024, the Court granted the motion to withdraw. Dkt. No. 52. On September 5, 2024, the Court held a status conference, wherein Ms. Hauptfleisch professed that she was unable to afford counsel for herself or De Hoop Corp. On September 6, 2024, the Clerk of Court issued a certificate of default as to De Hoop Corp. for failure to have counsel appear on its behalf. Dkt. No. 54; *see Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (noting that a "corporation must appear through licensed counsel"). Ms. Hauptfleisch is now representing herself *pro se*.

## II. REQUEST FOR PRO BONO COUNSEL

A bench trial in this matter is scheduled to begin on January 8, 2025. Dkt. No. 45. The trial will focus on the remaining disputes in this case, which largely concern damages. *See* Dkt. No. 36-1. Pretrial materials are currently due on October 16, 2024. Dkt. No. 45. While Ms. Hauptfleisch is certainly capable of representing herself at trial, the Court believes she would benefit from counsel if volunteer counsel were willing and available. Accordingly, the Court respectfully directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Defendant Suzaan Hauptfleisch at trial and in the leadup to trial.

The Court advises Ms. Hauptfleisch that the process for securing *pro bono* representation can be lengthy. The Court circulates pending cases to the bar at regular intervals, after which an attorney must review the case and obtain necessary clearances before contacting the Ms. Hauptfleisch to discuss representation. For all these reasons, some time may pass before a litigant is contacted by an attorney. The Court requests that Ms. Hauptfleisch respond promptly to any outreach by a volunteer lawyer seeking to discuss possible *pro bono* representation. As the Court relies on

volunteers, there is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the Court will locate another. In either instance, Ms. Hauptfleisch should be prepared to proceed with the case *pro se*.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to Defendant Suzaan Hauptfleisch by certified mail.

SO ORDERED.

Dated: September 11, 2024
      New York, New York

_____
GREGORY H. WOODS
United States District Judge

3