```
                                                                          USDC SDNY
                                                                          DOCUMENT
UNITED STATES DISTRICT COURT                                              ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                                             DOC #: _____
------------------------------------------------------------------- X     DATE FILED: 12/3/2024
                                                                    :
FRANCISCO TUY XEP, on behalf of himself and all others              :
similarly situated,                                                 :
                                                                    :
                                        Plaintiff,                  :     1:23-cv-450-GHW
                                                                    :
                        -against-                                   :
                                                                    :     ORDER
DE HOOP CORP, doing business as Kaia Wine Bar, and                  :
SUZAAN HAUPTFLEISCH,                                                :
                                                                    :
                                        Defendants.                 :
                                                                    :
------------------------------------------------------------------- X
```

GREGORY H. WOODS, United States District Judge:

On January 19, 2023, Plaintiff filed this action alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law §§ 190 *et seq.*, 650 *et seq.* ("NYLL"). Plaintiff alleges that Defendants owe him unpaid minimum wages, overtime wages, spread-of-hours wages, and statutory damages for failure to provide adequate wage notices and wage statements. A bench trial is scheduled to resolve Plaintiff's claims on January 8, 2025. On December 3, 2024, proposed counsel for defendant De Hoop Corp. filed a suggestion of bankruptcy, notifying the Court that De Hoop Corp. had filed a bankruptcy petition under Chapter 11 of the U.S. Bankruptcy Code. Dkt. No. 62. This case is therefore automatically stayed with respect to De Hoop Corp. under 11 U.S.C. § 362(a)(1).

The Court finds that continuing the litigation of Plaintiff's claims against the remaining defendant in this case, Suzaan Hauptfleisch, will have immediate adverse economic consequences on De Hoop Corp. Accordingly, this action is STAYED.

I.  DISCUSSION

An action against a debtor's non-debtor co-defendants "is not automatically stayed by the debtor's bankruptcy filing." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003); *see also Teachers Ins. & Annuity Ass'n v. Butler,* 803 F.2d 61, 65 (2d Cir. 1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."). "[C]ourts will generally not extend the automatic stay of proceedings . . . to non-debtor co-defendants." *DeSouza v. PlusFunds Grp., Inc.*, No. 05 Civ. 5990 RCCJCF, 2006 WL 2168478, at *2 (S.D.N.Y. Aug. 1, 2006). However, the Second Circuit has recognized certain exceptions to that general rule, holding that "[t]he automatic stay can apply to non-debtors . . . when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie*, 321 F.3d at 287. Such claims include "a claim to establish an obligation of which the debtor is a guarantor, a claim against the debtor's insurer, and actions where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant . . . ." *Id.*; *see also DeSouza*, 2006 WL 2168478, at *2 (noting the stay may be extended to non-debtor defendants in "unusual circumstances," such as "where failure to extend the stay would pose a serious threat to the debtors' reorganization efforts" (internal quotation marks and citations omitted)). "The question is whether the action against the non-debtor is sufficiently likely to have a 'material effect upon . . . reorganization effort[s],' that debtor protection requires an exception to the usual limited scope of the stay." *DeSouza*, 2006 WL 2168478, at *2 (quoting *Gray v. Hirsch*, 230 B.R. 239, 243 (S.D.N.Y. 1999)).

Trying the action against Ms. Hauptfleisch is sufficiently likely to have a material adverse effect on De Hoop Corp.'s reorganization efforts to warrant an extension of the automatic stay at this time. Plaintiff asserted all seven of his causes of action against both Defendants collectively, without differentiating between them, and based his causes of action on the same alleged conduct.

Dkt. No. 1 ¶¶ 36–72 ("Complaint"). The parties have since stipulated to the Defendants' collective liability under Plaintiff's causes of action, again without differentiating between them. Dkt. No. 58 at 2–3 ("Joint Pretrial Order" or "JPTO"); Dkt. No. 36. Most significantly for the purposes of this decision, the parties—including Plaintiff—have stipulated that both Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL, JPTO at 9, and that both Defendants employed Plaintiff within the meaning of the FLSA and NYLL, *id.* at 2. That means that "each Defendant is jointly and severally liable under the FLSA and NYLL for any damages award made in [Plaintiff's] favor." *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 37 (E.D.N.Y. 2015); *accord Burns v. Scott*, 635 F. Supp. 3d 258, 275 (S.D.N.Y. 2022) ("Because Shift was Burns' employer, it is jointly and severally liable under the FLSA and NYLL for any damages award.") (collecting cases).

These facts establish an identity of interests between De Hoop Corp., the debtor, and Ms. Hauptfleisch, the remaining defendant in this action, sufficient to support an extension of the automatic stay to Ms. Hauptfleisch. Because Defendants are jointly and severally liable for Plaintiff's claims, the litigation of claims asserted against Ms. Hauptfleisch "will have an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd.*, 321 F.3d at 287. That is because any damages assessed at trial pursuant to Plaintiff's claims against Ms. Hauptfleisch will impose liability on De Hoop Corp. as a joint and several obligor with respect to those damages. De Hoop Corp.'s exposure is equivalent to that of a guarantor of Ms. Hauptfleisch's liability. *See id.*

Moreover, the claims against De Hoop Corp. are, as pleaded, inextricably intertwined with those against Ms. Hauptfleisch. *See generally* Complaint. And the parties' stipulated facts make no distinctions between the conduct of De Hoop Corp. and Ms. Hauptfleisch. This too supports the extension of the automatic stay to Ms. Hauptfleisch. *See Hatteras Enters. Inc. v. Forsythe Cosmetic Grp., Ltd.*, No. 15-CV-5887 (JMW), 2024 WL 1908593, at *3 (E.D.N.Y. May 1, 2024) (extending stay to

non-debtor defendants where plaintiffs did not differentiate among defendants, and proceeding to trial against non-debtor defendants "dangerously approache[d] claims that are inextricably intertwined with those brought against the debtor"); *Tenas-Reynard v. Palermo Taxi Inc.*, No. 14 Civ. 6974 (PGG), 2016 WL 1276451, at *6 (S.D.N.Y. Mar. 30, 2016) (extending automatic stay to non-debtor defendant where non-debtor defendant's "liability is automatic and co-extensive with [debtor defendant's] liability"); Dkt. No. 40, *Tr. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Universal Developers, Inc.*, No. 1:23-cv-1082-AT (S.D.N.Y. June 29, 2023) (order extending automatic stay to non-debtor defendants).

## II. CONCLUSION

For the foregoing reasons, this action is stayed as to Ms. Hauptfleisch, in addition to the stay as to De Hoop Corp. This action is, therefore, stayed, and all scheduled dates and deadlines in this case, including the bench trial scheduled for January 8, 2025, are adjourned *sine die*. The stay will remain in effect until the U.S. Bankruptcy Court for the Southern District of New York lifts the stay as to De Hoop Corp. or, with respect to Ms. Hauptfleisch, as the Court otherwise orders. The parties are directed to file a status update letter no later than ten days after Bankruptcy Court lifts the stay as to De Hoop Corp. or by May 3, 2025, whichever is earlier.

The Clerk of Court is directed to note the stay of this action on the docket. The Clerk of Court is also directed to mail a copy of this order to defendant Suzaan Hauptfleisch at:

    Suzaan Hauptfleisch
    1614 Third Ave.
    New York, NY 10128

    SO ORDERED.

Dated: December 3, 2024
       New York, New York

_____
GREGORY H. WOODS
United States District Judge